SAGE *et al.* *v.* CULVER *et al.*

(*Supreme Court, General Term, Second Department.*  July 22, 1892.)

EXAMINATION BEFORE TRIAL—EVIDENCE.

    Plaintiffs, stockholders in a corporation, brought an action against the president and treasurer for an accounting and discovery of the funds of the company, alleging that defendants owned a large majority of the stock, and by virtue thereof had exclusive control of the affairs of the company, but alleged no improper conduct on the part of the defendants. *Held*, that plaintiffs were not entitled to an order for the examination of defendants before trial to enable them to frame their complaint; defendants, acting under the directions of the board of directors, not being trustees dealing with themselves.

Appeal from special term, Kings county.

Action by Henry W. Sage and others against Andrew R. Culver and others. From an order vacating an order for the examination of defendants before trial, plaintiffs appeal. Affirmed.

Argued before BARNARD, P. J., and DYKMAN, J.

*William C. Dewitt,* for appellants.  *Wingate & Cullen,* (*George W. Wingate,* of counsel,) for respondents.

BARNARD, P. J. The plaintiffs are stockholders in the Prospect Park & Coney Island Railroad Company. The defendant Culver is the president thereof, and the defendant Washington is the treasurer. The plaintiffs have commenced an action to obtain an accounting of the affairs of the defendants' company, and an accounting and discovery of the application and disposition of the funds of the company by the defendants Culver and Washington. The plaintiffs obtained an order for the examination of the defendants to enable the plaintiffs to frame their complaint. This order was subsequently vacated upon notice, and this appeal is from the order vacating the same. No case was made for the order for the examination of the defendants. No facts are alleged which show a cause to exist. The defendants Culver and Washington are stated to have owned a large majority of the stock, and by virtue of their ownership have had exclusive control of the affairs of the company. No statement is made that either Culver, Washington, or the company have done any wrong to the plaintiffs. They are officers of a company, and are not, as such, so long as they act under the directions of the board of directors, trustees who deal with themselves. They are the servants of the company, and may take what is due them by order of the trustees, especially when the allegation is not directly made that the defendant trustees have received money without right, or that the company had refused to assert its claim for redress for the common injury. The order should therefore be affirmed, with costs and disbursements.